Filed 9/15/23  P. v. Zavala CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>EDGAR IVAN ZAVALA,<br><br>    Defendant and Appellant. | F084664<br><br>(Super. Ct. No. BF117628A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kathryn L. Althizer, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P. J., Detjen, J. and Peña, J.

## INTRODUCTION

In 2008, separate juries found petitioner Edgar Ivan Zavala guilty of the first degree murder of Luis Ramirez (Pen. Code,[1] § 187, subd. (a); count 1) and the second degree murder of Stephanie Gutierrez (§ 187, subd. (a); count 2).  Petitioner subsequently petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6),[2] for resentencing on his murder convictions.  The superior court denied the petition at the prima facie stage and we affirmed the denial.  (*People v. Zavala* (Oct. 20, 2021, F081537) [nonpub. opn.].)  Petitioner then filed a second petition for resentencing pursuant to section 1172.6.  The superior court denied the second petition at the prima facie stage on the ground it was barred by res judicata.

In this appeal, petitioner argues the superior court erred in denying his petition at the prima facie stage.  He presents various arguments as to why his petition was not barred by res judicata.  Additionally, in his opening brief, petitioner argued that he made a prima facie claim for resentencing on count 2 because direct aiding and abetting of implied malice murder is no longer a valid theory of liability.[3]  However, following our Supreme Court's recent decision in *People v. Reyes* (2023) 14 Cal.5th 981, 990 (*Reyes*), which held that this theory of murder liability remains valid, petitioner submitted supplemental briefing arguing that the jury instructions and argument provided in his trial do not establish he was validly convicted of second degree murder under the law as clarified by *Reyes*.  Instead, he argues, the instructions permitted the jury to convict him of second degree murder under an imputed malice theory.

---

[1] Undesignated statutory references are to the Penal Code.

[2] Former section 1170.95 has been renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  We will refer to the current section 1172.6 in this opinion.

[3] Petitioner does not argue the petition was erroneously denied as to count 1.

We affirm the superior court's denial of the petition on preclusion grounds. We do not address the claims petitioner raises for the first time on appeal.

## PROCEDURAL BACKGROUND[4]

### I.  Underlying Charges and Convictions

We previously summarized the procedural background regarding petitioner's convictions as follows:

"On April 26, 2007, the Kern County District Attorney filed an information charging petitioner with the first degree murders of Ramirez (§ 187, subd. (a); count 1) and Gutierrez (§ 187, subd. (a); count 2). As to each count, the information alleged petitioner personally and intentionally discharged a firearm which proximately caused great bodily injury or death. (§ 12022.53, subd. (d).) Additionally, the information alleged a multiple-murder special circumstance. (§ 190.2, subd. (a)(3).)

"On April 17, 2008, a jury convicted petitioner of the second degree murder of Gutierrez on count 2, but found not true the allegation that petitioner personally and intentionally discharged a firearm as to that count. The jury could not reach a unanimous verdict on count 1 and the court declared a mistrial as to that count. The jury also found the multiple-murder special circumstance not true. On May 15, 2008, the trial court sentenced petitioner on count 2 to a term of 15 years to life.

"Petitioner was retried on count 1. Prior to trial, petitioner stipulated that, if the jury found him guilty of first degree murder on count 1, the multiple-murder special circumstance would be found true. On August 6, 2008, the jury convicted him of the first degree murder of Ramirez. The jury was unable to reach a verdict on the firearm allegation. The court declared a mistrial as to that allegation and dismissed it. On

---

**4** We dispense with a statement of facts, as the facts underlying the offenses are not pertinent to the issues raised on appeal. As discussed further *post*, we take judicial notice of our opinion and the record on appeal relating to the denial of petitioner's prior petition for resentencing in *People v. Zavala*, *supra*, F081537.

3.

October 15, 2008, the trial court sentenced petitioner to a term of life without the possibility of parole on count 1, to be served concurrently with the sentence on count 2.

"In separate appeals, this court affirmed both convictions. (*People v. Zavala* (Oct. 27, 2009, F056331) [nonpub. opn.]; *People v. Zavala* (Oct. 27, 2009, F055345) [nonpub. opn.].)" (*People v. Zavala*, *supra*, F081537.)

## II.     First Section 1172.6 Petition

"On January 14, 2019, petitioner, in propria persona, filed a petition for resentencing pursuant to [former] section 1170.95. In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019." (*People v. Zavala*, *supra*, F081537, fn. omitted.)

On August 4, 2020, the court "determined that petitioner was ineligible for resentencing as a matter of law because he was convicted as a direct aider and abettor and was not convicted of felony murder or murder under the natural and probable consequences doctrine. On that basis, the petition was denied." (*People v. Zavala*, *supra*, F081537.)

On appeal, we affirmed. We noted petitioner's jury had not been instructed on felony murder or the natural and probable consequences doctrine, and these theories were not argued to the jury. Accordingly, we concluded petitioner was not convicted under such theories and he therefore was ineligible for resentencing as a matter of law. (*People v. Zavala*, *supra*, F081537.)

## III.     Second Section 1172.6 Petition

On January 6, 2022, petitioner, in propria persona, filed a second petition for resentencing. In the form petition, petitioner alleged, in relevant part, that a complaint,

4.

information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime; he was convicted of murder at trial; and he could not presently be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. The petition did not specify whether it was seeking resentencing on any one of petitioner's murder convictions or both.

The People opposed the petition on the merits, addressing only his conviction for second degree murder. The People summarized testimony presented at trial and argued the trial evidence established petitioner was the actual killer, was a major participant in an unspecified underlying felony who acted with reckless indifference to human life, and aided and abetted the murder. The People asked the superior court to take judicial notice of the decision and record on appeal in *People v. Zavala*, *supra*, F055345 (the direct appeal from his conviction for second degree murder), and the "court files, records, and transcripts in [c]ase No. BF117628A."[5]

No further briefing was filed. The matter was heard on July 14, 2022, and the superior court denied the petition as follows:

> "I'm going to deny that. This has already been considered. He actually filed that same petition and it went up on appeal. The denial was affirmed. This is res judicata. I'm referring to the appellate case, F081537. He filed it a second time and the bottom line is, accordingly, Petitioner is ineligible for relief as a matter of law and the petition was properly denied. So that's denied."

---

[5] Kern County Superior Court case No. BF117628A (case No. BF117628A) is the underlying case for both criminal convictions. Additionally, both petitions for resentencing were filed in case No. BF117628A.

## DISCUSSION

**I.      Judicial Notice**

For reasons we explain, we take judicial notice of the record on appeal and our opinion regarding petitioner's first petition for resentencing in *People v. Zavala*, F081537.

**A.      Additional Procedural Background**

Although the instant petition was denied on the basis of res judicata, no records pertaining to the first petition for resentencing are contained in the record on appeal. Additionally, the record on appeal contains only minimal records relating to the underlying criminal convictions.

Prior to briefing this appeal, petitioner filed a request for judicial notice. The request itself stated petitioner was requesting judicial notice of the record of his prior appeal in *People v. Zavala*, F081537. Petitioner also requested his counsel be provided copies of the jury verdicts, written jury instructions, closing arguments, and jury questions from both trials, as contained in the records on appeal from both of his direct appeals. However, the draft order provided with his request stated he was requesting judicial notice of the record on appeal in *People v. Zavala*, F055345, and copies of portions of the record in "No C055313," a case number not from this district and not pertaining to petitioner.

The People apparently construed the request as a request for judicial notice of the "jury verdicts, written jury instructions, closing arguments, and jury questions from cases F055345 and F056331." The People opposed the request on the ground these records were not considered by the superior court.

In reply, petitioner pointed out that the People had, in the superior court, requested judicial notice of the decision in *People v. Zavala*, *supra*, F055345, and the "file[]s, records and transcripts" in the underlying case file, case No. BF117628A.

We granted petitioner's request in part. We denied without prejudice the request for judicial notice of the record on appeal in *People v. Zavala*, F055345, on the ground petitioner had not demonstrated the record was considered by the superior court. However, we granted the request for copies of portions of the records on appeal in *People v. Zavala*, F056331 and *People v. Zavala*, F055345. To the extent petitioner requested judicial notice of the record on appeal in case No. F081537, we did not expressly address his request.

Thereafter, the parties briefed this appeal. In petitioner's briefing, he relied on the prior appellate opinions in *People v. Zavala*, *supra*, F055345; *People v. Zavala*, *supra*, F056331; and *People v. Zavala*, *supra*, F081537. Meanwhile the People, who had opposed the request for judicial notice, relied not only on the opinions in *People v. Zavala*, *supra*, F055345; *People v. Zavala*, *supra*, F056331; and *People v. Zavala*, *supra*, F081537, but also the underlying records on appeal in those cases. Petitioner's supplemental opening brief also relied on the opinion in *People v. Zavala*, *supra*, F055345, and the underlying record on appeal in that case. The People's supplemental reply brief again relied on the opinions in *People v. Zavala*, *supra*, F055345; *People v. Zavala*, *supra*, F056331; and *People v. Zavala*, *supra*, F081537, as well as the underlying record on appeal in *People v. Zavala*, F081537.

**B.     Discussion**

We must take judicial notice of "each matter properly noticed by the trial court" and "each matter that the trial court was required to notice under [Evidence Code] [s]ection 451 or 453." (Evid. Code, § 459, subd. (a).) Such matters include the decisional law of this state (Evid. Code, § 451, subd. (a)) and, in certain circumstances, the records of any court of this state (Evid. Code, §§ 452, 453). We will not take judicial notice of any matter that is irrelevant. (*People v. Young* (2005) 34 Cal.4th 1149, 1171, fn. 3.)

Here, the People requested that the superior court take judicial notice of the underlying case file, case No. BF117628A. Although the superior court did not expressly address the People's request for judicial notice, it referred to the appellate case number, F081537, and plainly relied on records relating to the first petition for resentencing to determine that the second petition was barred by res judicata. Indeed, a determination regarding res judicata could not be made without reference to the record of the prior resentencing proceedings.

Subsequently, in this court, petitioner requested that we take judicial notice of the record of his prior appeal in *People v. Zavala*, F081537. The People did not respond to the request regarding this case number, although afforded an opportunity to do so. Our prior order denied the request as to *People v. Zavala*, F055345, but did not expressly address the request regarding *People v. Zavala*, F081537. Nonetheless, both parties relied on the appellate opinion and, to a lesser extent, the record on appeal in *People v. Zavala*, F081537, in their briefing.

To the extent our prior order lacked clarity with regard to the request for judicial notice of the opinion and record on appeal in *People v. Zavala*, F081537, we now grant this request. The records were relied on by the superior court. The parties had the opportunity to brief the propriety of taking judicial notice of these records and, indeed, have briefed the appeal as though judicial notice was granted. Absent reference to the record on appeal in *People v. Zavala*, F081537, the record before us is inadequate to address the parties' arguments regarding res judicata. Judicial notice is therefore appropriate.

## II.     Applicable Law Regarding Section 1172.6

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major

8.

participant in the underlying felony who acted with reckless indifference to human life."
(Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698,
707-708 (*Strong*).) The bill amended the natural and probable consequences doctrine by
requiring that a principal act with malice aforethought before he or she may be convicted
of murder. (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842–
843 (*Gentile*).) The bill amended the felony-murder rule by providing that a participant
in a qualifying felony is liable for murder only if the victim was a peace officer in the
performance of his or her duties, or the defendant was the actual killer, aided and abetted
the actual killer in the commission of first degree murder with the intent to kill, or was a
major participant in the felony and acted with reckless indifference to human life. (§ 189,
subds. (e), (f); accord, *Strong*, at p. 708.)

Senate Bill No. 1437 also added former section 1170.95, now renumbered as
section 1172.6, which provides a procedure for persons convicted of "felony murder or
murder under the natural and probable consequences doctrine or other theory under
which malice is imputed to a person based solely on that person's participation in a
crime" to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord,
*Gentile*, *supra*, 10 Cal.5th at p. 853.) Under section 1172.6, an offender seeking
resentencing must first file a petition in the sentencing court, and the sentencing court
must determine whether the petitioner has made a prima facie showing that he or she is
entitled to relief. (§ 1172.6, subds. (a)-(c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.)
In making this determination, the court may rely on the record of conviction. (*People v.
Lewis* (2021) 11 Cal.5th 952, 970–971 (*Lewis*).) However, the prima facie inquiry is
limited and, at this stage of the proceedings, the court "should not engage in 'factfinding
involving the weighing of evidence or the exercise of discretion.' " (*Id*. at pp. 971–972.)

If the trial court determines the petitioner has met his or her prima facie burden,
"the trial court must issue an order to show cause and hold a hearing to determine
whether to vacate the murder conviction and to resentence the petitioner on any

9.

remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) Significantly, "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## III. Application of Preclusion Doctrines

The superior court denied the petition on res judicata grounds. We conclude the petition was barred under the related doctrine of issue preclusion.

### A. Applicable Law

"Res judicata" is a term often used with imprecision to describe both claim preclusion and issue preclusion. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824 (*DKN Holdings*).) However, the " ' " 'primary aspect' " ' " of res judicata is claim preclusion, and "claim preclusion" is the term more commonly used in modern case law. (*Ibid.*; accord, *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 91 (*Kim*).) "The claim preclusion doctrine . . . 'prohibits a second suit between the same parties on the same cause of action.' [Citation.] 'Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.' " (*Kim*, at p. 91.) Claim preclusion bars "not . . . only issues that were actually litigated but also issues that could have been litigated." (*Federation of Hillside & Canyon Assns. v. City of Los Angeles* (2004) 126 Cal.App.4th 1180, 1202.)

10.

The " ' " 'secondary aspect' " ' " of res judicata is collateral estoppel, also known as issue preclusion. (*DKN Holdings*, *supra*, 61 Cal.4th at p. 824.) The doctrine of issue preclusion gives a prior determination conclusive effect in a later proceeding. (*Strong*, *supra*, 13 Cal.5th at p. 715.) Issue preclusion bars relitigation of issues " 'only if several threshold requirements are fulfilled. First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.' " (*Strong*, *supra*, 13 Cal.5th at p. 716.)

Application of issue preclusion is not automatic. Rather, issue preclusion is an equitable doctrine subject to public policy considerations. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 342–343; accord, *Strong*, *supra*, 13 Cal.5th at p. 716.) "[T]he doctrine will not be applied if such application would not serve its underlying fundamental principles' of promoting efficiency while ensuring fairness to the parties." (*Strong*, at p. 716.) Moreover, issue preclusion does not apply when there has been a significant change in law with regard to the determination of a relevant issue. (*Strong*, at p. 717.)

### B.    Analysis

As the parties agree, section 1172.6 itself does not bar successive petitions. Thus, claim preclusion, which bars successive litigation on the same cause of action, is not particularly apt in the section 1172.6 context. Rather, courts analyzing the preclusive effect of prior section 1172.6 petitions have done so under the doctrine of issue preclusion. (E.g., *People v. Farfan* (2021) 71 Cal.App.5th 942, 950–951 (*Farfan*).) Accordingly, while the superior court denied the petition using the somewhat imprecise

11.

term "res judicata," we analyze whether petitioner's second petition is barred by issue preclusion.[6]

We begin our analysis with the premise that the underlying petition did not raise any of the issues petitioner presents on appeal. To the contrary, petitioner's second petition for resentencing was nearly identical to his first petition. Although the second petition added the allegation that petitioner may have been convicted of murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime,[7] petitioner did not present any argument on this point and nothing in the petition suggested this contention was not resolved in the prior proceeding. Furthermore, petitioner's appointed counsel provided no response to the People's opposition to the petition. The issues, as presented, were plainly barred by issue preclusion. We therefore cannot say the superior court erred in denying the petition.

Because the superior court did not err, we decline to address in the first instance the merits of the arguments petitioner has raised for the first time on appeal. In his opening brief, petitioner argued for the first time that aiding and abetting implied malice murder is an invalid theory of liability under Senate Bill No. 1437. However, our Supreme Court rejected this argument in *Reyes*, where it clarified the elements of direct aiding and abetting of implied malice murder. (*Reyes*, *supra*, 14 Cal.5th at pp. 990–991.) Thus, in his supplemental opening brief, petitioner presented a different argument: that the jury instructions and argument in his trial were inadequate to convey the elements of aiding and abetting implied malice murder, as clarified by *Reyes*. These arguments were

---

[6] The People phrase their opposition to petitioner's argument in terms of claim preclusion but cite to and rely on cases applying issue preclusion. (E.g., *Strong*, *supra*, 13 Cal.5th at p. 716; *Farfan*, *supra*, 71 Cal.App.5th at p. 951.)

[7] This basis for relief was added by Senate Bill No. 775 (2021-2022 Reg. Sess.) and became effective January 1, 2022, after the appeal from the denial of petitioner's first petition was final.

not presented in or resolved by the superior court. The superior court's ruling, based as it was on preclusion, did not address the merits of petitioner's resentencing eligibility.[8]

Thus, the proper avenue, if any, for petitioner to raise his arguments arising under *Reyes* is through a new petition for resentencing filed in the superior court. (*Farfan*, *supra*, 71 Cal.App.5th at p. 951 [successive petition may be filed premised on changes in law].) We take no position on the outcome of such proceedings. Nor do we address the People's argument that petitioner's claims under *Reyes* are precluded, inasmuch as no such claims have been presented in the superior court.

## DISPOSITION

The court's July 14, 2022 order denying the petition is affirmed.

---

[8] Furthermore, even if we were inclined to reach these issues, the records relevant to these issues are not before us. We denied without prejudice petitioner's request for judicial notice of the records in *People v. Zavala*, F055345, which would have included the jury instructions and closing arguments presented to the jury that convicted him of second degree murder. We did so on the ground petitioner had failed to demonstrate the record was considered by the superior court. Petitioner did not thereafter renew his request. Nor did the People request judicial notice of these records. The parties may not force our consideration of these records by simply ignoring our prior order.